### Roth *v.* Hamburg American Packet Co.

(*Superior Court of New York City, General Term.* January 5, 1891.)

Common Carrier—Injury to Freight—Negligence.

Where a common carrier undertakes, per bill of lading, the carriage of wine in casks enveloped in linen covering, without liability for breakage or leakage, and referred to in the bill of lading as being in "apparent good order and condition," negligence will not be presumed from the mere fact that breakage or leakage occurred. There must be affirmative evidence of the strength and fitness of the casks.

Appeal from jury term.

Suit by Moritz Roth against the Hamburg American Packet Company. From a judgment dismissing complaint entered upon an order made at trial term, and from an order denying plaintiff's motion for a new trial, made upon the judge's minutes, plaintiff appealed.

Argued before Sedgwick, C. J., and Freedman and Ingraham, JJ.

*John Fennel,* for appellant. *James C. Colgate,* for respondent.

Per Curiam. The action was for the value of two casks of wine that had been shipped upon a steamer of the defendant to be carried to this port. The plaintiff was owner and consignee. On the arrival of the steamer the plaintiff demanded the casks. They were then in a broken condition, some of the staves having been broken. The whole of the contents had leaked out. The plaintiff had received a bill of lading, which provided that the defendant should not be liable for breakage or leakage, but on the trial it was claimed

that the shipment had been made under a verbal contract which would make the defendant liable as a common carrier at common law. The evidence, however, shows that the shipment was made subject to the terms of the printed bill of lading afterwards delivered to the agent of plaintiff, and sent by him to plaintiff. The plaintiff claimed, under the bill of lading, that, assuming the defendant was not liable for breakage and leakage unless caused by its negligence, yet the facts of the breakage and leakage created a presumption of negligence in the treatment of the casks, or that, at least, it was for the jury to say whether the condition of the casks did not show negligence. Let it be assumed, for the purpose of this decision, that the law is that when casks or things of that nature are generally carried in ships without breakage, if ordinary care is used, the fact of breakage will lead to a presumption that ordinary care was not used. Yet such a presumption can be made only of casks that are made of the material and in manner that suffice to give them strength to resist the ordinary operation upon the ship. If nothing be known or presumed as to the strength of the cask, no experience would exist upon which it might appear probable that it would bear ordinary usage. In the present case, at the time of shipment the casks were enveloped in linen covers. The manner in which the casks were made, or the strength of material, was not shown, although proof on the subject could have been had. The admission in the bill of lading referred only to the "apparent good order and condition" of the casks; and this referred, in fact, to the linen covers. There can be no presumption as to the degree of strength of any particular cask. If these views are right, the plaintiff did not show facts which made a presumption of negligence on defendant's part, or any question for the jury on that point. The rulings as to evidence were correct. Judgment and order appealed from affirmed, with costs.